Samuel Stodart,
sold to James Allen, for Thbmas Miller, a tract of land, and took Allen’s obligation to pay the purchase money by instalments. The last instalment of 172 was to be paid on or before the 25th of October, 1805 ; but it was provided by a stipulation in the obligation of Allen, that as fifty acres of the land sold by Stodart was in dispute, the last sum mentioned, to wit, if 2, was not to jbe for, unless *2 thé said Stodart should have the title to the said fifty acres confirmed in him, on the determination of said contest, or if the dispute respecting the title should last longer than the time of payment' of the IT2, in that case, not until the dispute should have been settled.
In a contract to pay money on a contingency, the happening of that contingency must be alledged and ■proved before a j udg ment at law can be obtained ; con» sequently, a bill in equity-enjoining the judgment, cannot be sustained on the ground that the contingency has net occured.
*2 This bond of Allen’s, afterwards, by various assignments, came into the bands of Philips, who prosecuted suit thereon and recovered judgment for the last instalment.
Alien then exhibited his bill in equity and after set. ting out the contract with Stodart. .charges that the fifty acres oí land is still in dispute ; that it is claim, ed by the heirs of Luke Fórd. deceased, and that it is covered by a claim of James Knox, and one of Alex, ander St. Clair, each of whose patents are elder in date than that under which Stodart claimed. The bill asks and obtains an injunction against the judgment at law, and prays lev the appropriate relief. &c.
2. By his answer Stodart admits the execution of th'e bond by Allen, the several assignments thereon, and the final recovery of the judgment at law by Philips | but charges that the dispute intended and alluded to in the bond of Alien, was one then depending with Luke Ford, against whom he had ari ejectment pen. ding for the land at the time of the sale to Allen, and alleges that the ejectment has since been determined in h>s favour and possession obtained and delivered to-Miller. &<\ Stodart also alleges that be has made to Miller a deed in accordance to the contract with Allen, charges Ford’s claim to be inferior to his, denies the validity of Knox and St. Clair’s claims, states they have never asserted their claims, and insists that. if they were to do so, their claims could not be sus. tained. &c.
3. The court below on a final hearing, dissolved the injunction of Alien and dismissed his bill with costs and damages.
From that decree, Allen has appealed.
4. We apprehend Allen has shewn no sufficient grounds for relief in a court of equity. With respect t‘. the dispute existing about the title, and alluded to in the bond given by Allen, there certainly can have been no necessity for applying to a court of equity. For until a termination of that dispute, the last instalment for the IT2 was not payable, and consequently until *3 then there could regularly have been no recovery against Allen, at law. The question about that dis. pute was, therefore, properly a subject of defence to the action at law, and cannot afford any cause for apply ing to a court of equity, But if it did, we should have no hesitation in maintaining that relief ought not to be given on that ground. It is plain, not only from the phraseology of the bond, but it is also proven by the evidence in the cause, that the dispute alluded to, related to a then existing contest about the title, and the only contest then existing, was an ejectment which had been previously brought by Stodart against Ford for the laud, and the record of that ejectment, exhibited in the present cause, shews that the termination of the contest was favorable to the claim of Stodart. The contest with Ford, having therefore terminated in fa vor of Stodart, the last instalment became payable on the day stated in the obligation, and consequently, the claim of Ford, neither at law or equity, can afford a. ny objection to the recovery of Stodart.
The existence of an elder adversary patent covering the land purchased. is not tt suffi- ient ground in equity to enjoin the recovery of the purchase money, where the vendor shews an adversary possession of more than twenty yews vendee,2 and the complain ani do--s not íropr'r^'or'of the elder pa,teilt asrf'ht or^ha1”¡f right of*” entry’is savedby ,ome oftheexceptions in the act of Umitations-.
fi.'' And with respect to the alleged claims of Knox and St. Clair, no reason is perceived for extending re. lief to Allen.
There is no record evidence in the' cause, of Knox having any claim, and without such evidence it would be preposterous to presume his title to be paramount to that of Stodart, or one from which any danger was to be apprehended by the holder of Stodart’s claim. There is exhibited in the record, a patent to St. Clair, of elder date than that under which Stodart claims, and it is proven that St. Clair’s patent covers part of the fifty acres sold by Stodart to Miller ; but it is al so proven, that those claiming adverse to St. Clair, have been in the peaceable possession of.the land for upwards of twenty years, and after such a possession, without evidence of St. Clair’s com ing within someone of the exceptions contained in the statutes of limita tions in relation to rights of entry, we are hound to in. fer that no danger is to be apprehended from St. Clair’s claim. '
, x he decree must therefore be affirmed with costs and damages, or the damages decreed by the coisrt below.